IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH DIEMILIO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT TENNIS, et al. | : | NO. 06-5641 |

## ORDER-MEMORANDUM

**AND NOW,** this 1st day of November, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability.

5. The Clerk shall **CLOSE** this case statistically.

Petitioner was convicted of murder in the first-degree on January 31, 1992 and sentenced to a term of life imprisonment on October 26, 1992. The Pennsylvania Superior Court affirmed his judgment of sentence on August 4, 1993 and the Pennsylvania Supreme Court denied his request for allowance of appeal on March 9, 1994. Commonwealth v. D'Emilio [sic], 635 A.2d 201 (Pa. Super. Ct. 1993) (table), appeal denied, 642 A.2d 483 (Pa. 1994) (table). Petitioner filed a *pro se* motion for relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, on November 4, 1996 which was dismissed by the PCRA court.

Commonwealth v. Diemilio, 173 EDA 2005, slip op. at 2 (Pa. Super. Ct. Apr. 21, 2006). Petitioner filed a notice of appeal with the Superior Court, but the Superior Court dismissed the appeal for failure to file a brief on May 20, 1999. Id. He filed a second PCRA petition on August 19, 2004 which was dismissed as untimely on November 18, 2004. Id. The Superior Court denied Petitioner's appeal of the dismissal of his second PCRA petition on April 21, 2006. Id. at 5. The Pennsylvania Supreme Court denied his petition for allowance of appeal on October 3, 2006. Commonwealth v. Diemilio, 909 A.2d 303 (Pa. 2006) (table). Defendant filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 26, 2006 claiming that DNA evidence was improperly admitted during his trial.

The Report and Recommendation recommends that we deny the Petition as barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which went into effect on April 24, 1996, established a one-year limitations period for the filing of petitions pursuant to 28 U.S.C. § 2254 which begins to run on "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1). As the date on which Petitioner's conviction became final was prior to the effective date of the AEDPA, the one-year time period began to run on April 24, 1996. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) ("Douglas's conviction became 'final' before the AEDPA came into effect on April 24, 1996, and thus his one-year period for filing a habeas petition began running on that date." (citing Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998))). The AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

this subsection." 28 U.S.C. § 2244(d)(2). Consequently, the AEDPA limitations period was tolled during the pendency of Petitioner's first PCRA petition. That tolling continued until the expiration of the time in which Petitioner could have sought review of the Superior Court's dismissal of his appeal. See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000). The one-year limitations period for filing a petition pursuant to 28 U.S.C. § 2254 began to run, therefore, on June 21, 1999. See Pa. R. App. P. 1113(a) (stating that "a petition for allowance of appeal shall be filed . . . within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed"). The limitations period thus expired on June 21, 2000. The instant Petition was not filed until December 26, 2006, more than six years later. Petitioner's second PCRA petition did not toll the running of the one-year AEDPA limitations period because it was filed after the AEDPA limitations period had expired.

Petitioner objects to the Report and Recommendation on the following three grounds: (1) the Commonwealth failed to file any state court briefs in this Court; (2) he is entitled to equitable tolling because the policy of S.C.I. Rockview, where Petitioner is presently incarcerated, makes it difficult to obtain assistance in the filing of legal papers; and (3) he is entitled to equitable tolling because the one-year time limitation for filing a PCRA petition violates the Suspension Clause of the Constitution. Petitioner's first objection is overruled. The Commonwealth opposed the Petition on the ground that it was time-barred. The Commonwealth had no obligation to submit any state court briefs regarding the merits of Petitioner's claim for relief.

Petitioner's second and third objections are also overruled. Although the AEDPA limitations period is subject to equitable tolling, the United States Court of Appeals for the Third Circuit has "cautioned . . . that courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.

1999)). Equitable tolling should only be applied "'in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The burden is on the petitioner "seeking equitable tolling . . . to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling may be available to a petitioner in four circumstances: "'(1) [if] the defendant has actively misled the [petitioner]; (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights; . . . (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum'" id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); and 4) if the "court has misled a party regarding the steps that the party needs to take to preserve a claim." Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Petitioner contends that he is entitled to equitable tolling because S.C.I. Rockview impeded his ability to file a petition for writ of habeas corpus by prohibiting inmates from assisting each other in researching and drafting petitions. Petitioner does not state whether he has been continuously incarcerated at S.C.I. Rockview since June 21, 1999 or whether said policy has been in continuous effect since June 21, 1999. Moreover, Petitioner does not assert any reason why he was unable to research and draft his own petition. Under these circumstances, we find that Petitioner has not established that he "has in some extraordinary way been prevented from asserting his rights." Satterfield, 434 F.3d at 195.

Petitioner also contends that he is entitled to equitable tolling because the one-year time limitation for the filing of a PCRA petition, 42 Pa. Cons. Stat. Ann. § 9545(b)(1), violates the Suspension Clause of the Constitution. The Suspension Clause states that "[t]he Privilege of the

Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1 § 9, cl. 2.  Although Petitioner does not explain his contention, we understand him to argue that § 9545(b)(1) has been applied to prevent him from obtaining a writ of habeas corpus, in violation of the Suspension Clause, because his second PCRA petition, which was found to be untimely by the state courts, did not toll the running of the AEDPA, thereby making the December 26, 2006 filing of the instant Petition untimely.  We reject Petitioner's contention.  It is true that a PCRA petition that has been dismissed as untimely does not toll the AEDPA limitations period.  See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks omitted)); see also Merrit v. Blaine, 326 F.3d 157, 163 (3d Cir. 2003) ("[A] PCRA petition that was dismissed by the state court as time-barred was not 'properly filed' under AEDPA." (citing Fahy, 240 F.3d at 244)).  However, the one-year AEDPA time limitation for the filing of petitions pursuant to § 2254 had expired before Petitioner filed his second PCRA petition.  Consequently, the dismissal of the second PCRA petition as untimely, pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b)(1), did not deprive Petitioner of a period of statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) to which he would have been otherwise entitled.  Under these circumstances, there has obviously been no violation of the suspension clause.  We find, accordingly, that this is not one of those rare situations where equitable tolling "is demanded by sound legal principles as well as the interests of justice." LaCava, 398 F.3d at 275.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.